IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY JUNE CLABORN, ) | No. C 06-4803 MMC (PR) |
| Petitioner, ) | **ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND** |
| v. ) | |
| ROBERT J. AYERS, Warden, ) | |
| Respondent. ) | |
| _____ ) | |

On August 8, 2006, petitioner, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 8, 2006, petitioner was ordered to pay the filing fee, which he has done.

### BACKGROUND

In 1979, in Los Angeles County Superior Court, petitioner was convicted of kidnaping for purposes of robbery with use of a deadly weapon and rape; he was sentenced to a term of 7 years to life plus one year in state prison. In 2004, the California Board of Prison Hearings ("BPH") denied petitioner parole. Petitioner challenged this decision unsuccessfully in habeas petitions filed at all three levels of the California courts.

### DISCUSSION

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Legal Claims

Petitioner claims: (1) the BPH denied petitioner parole based on insufficient evidence; (2) the BPH "cannot require an admission of guilt before granting parole"; (3) the BPH denied parole based upon the prosecutor's opposition to parole, which is an insufficient basis for the BPH's decision; (4) petitioner is entitled to an "impartial hearing panel;" (5) there was no evidence to support the BPH's recommendation that petitioner seek more therapy or self-help; (6) in reaching its decision, the BPH failed to consider the determinate sentence term petitioner would serve or the amount of time petitioner had already served; (7) the BPH has never held a hearing to "fix petitioner's primary term"; (8) the BPH failed to give reasons for denying petitioner parole for two years as opposed to the default period of one year; (9) the BPH incorrectly stated psychiatric evaluations were unfavorable; and (10) the BPH denied parole based on petitioner's concurrent prison term for rape, in violation of the Ex Post Facto Clause of the federal and state constitutions.

The first nine claims fail to state a cognizable basis for federal habeas relief, in that they do not allege a violation of federal law. A writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986). It is not available to redress violations of state law or for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Here, in his first nine claims, petitioner

has not identified what law allegedly was violated, as is necessary to provide respondent with adequate notice of the claims being asserted. See Hendricks, 908 F.2d at 491-92 (holding petitioner must state claims with sufficient specificity to allow respondent to prepare a response). Petitioner will be given leave to amend these nine claims to allege what federal law, if any, he is asserting was violated. Failure to so amend will result in dismissal of these claims. Petitioner is advised that any federal basis for such claims must be exhausted, by petitioner's having sufficiently presented *the federal basis* for the claims, in addition to any other arguments in support of the claims, to the Supreme Court of California, before raising them in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

Liberally construed, petitioner's tenth claim is cognizable.

## CONCLUSION

For the reasons stated above, the Court rules as follows:

1. Petitioner's first nine claims are dismissed with leave to amend. If petitioner wishes to amend these two claims, he must, within **thirty (30) days** of the date this order is filed, file an amended petition in which he corrects the deficiencies noted above. The amended petition must include the caption and civil case number used in this order, No. C 06-4803 MMC (PR), and must include the words AMENDED PETITION on the first page. In the amended petition, petitioner must include <u>all</u> the claims he wishes to present; in particular, petitioner must reassert in his amended petition the cognizable tenth claim from the instant petition.

2. **If petitioner fails to timely amend the petition as ordered herein, the first nine claims will be dismissed and this matter will proceed only on the basis of the tenth claim.**

//
//
//
//

3

3. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b) and/or Civil Local Rule 3-11, for failure to prosecute.

IT IS SO ORDERED.

DATED: May 10, 2007

_____
MAXINE M. CHESNEY
United States District Judge